UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22770

ANTHONY BARUH,

      Plaintiff,

vs.

DAVID VIGILANTE ASSOCIATES, INC.
and DAVID VIGILANTE,

      Defendants.

_____ /

## COMPLAINT

      COMES NOW, Plaintiff, Anthony Baruh, sues Defendant, David Vigilante Associates, Inc. and David Vigilante based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Anthony Baruh**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendant, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, David Vigilante Associates, Inc.,** is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

3. **Defendant, David Vigilante,** was and is an owner / officer / director of the corporate Defendant for the ("relevant time period"). The Defendant ran the day-to-day operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, controlled Plaintiff's work and schedule.

1

4.  Defendants were Plaintiff's employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5.  All Defendants employed Plaintiff.

6.  This Court has jurisdiction over Plaintiff's FLSA claims.

7.  All acts or omissions giving rise to this dispute took place in Miami-Dade County.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

9.  Plaintiff worked for Defendants as a Glass Installer, from on or about April 19, 2019, through on or about June 13, 2019.

10. From approximately April 19, 2019, through on or about June 13, 2019, Defendants required that plaintiff work at the employer's office, and employer's customers' locations.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment eist, and of the times he worked each work day, such records are in the exclusive custody of Defendants.

12. Plaintiff was a Glass Installer and his duties included cutting, assembling, fitting, and attaching metal-framed glass enclosures to be installed on commercial buildings, including driving to the installation sites, and unload mirrors, glass equipment, and tools.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies.

14. Both the Defendants' business and the Plaintiff's work affects interstate commerce for the relevant time period.

15. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods included, were not limited to medical equipment, computers, faxes, telephones, desks, were produced outside of the country, that plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

16. Plaintiff's work for the Defendants was actually in and/or closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

17. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as medical equipment, computers, printers and fact and copy machines, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

18. Upon information and belief, the Defendants had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

19. Upon information and belief, the Defendants' gross sales or business is expected to exceed $500,000 for the year 2019.

20. Between the period of on or about April 19, 2019, through June 7, 2019, Plaintiff worked many hours of overtime each work week.

21. From approximately April 19, 2019, through June 13, 2019, Defendants agreed to pay Plaintiff at an hourly rate of $25.00 per hour.

22. From approximately April 19, 2019, through June 7, 2019, Plaintiff's overtime rate was $37.50 per hour for hours worked over 40 hours each work week.

23. Plaintiff was paid his regular rate of $25.00 per hour for all hours of overtime worked between April 19, 2019, through June 7, 2019; therefore, Plaintiff is owed the difference between his regular rate of $25.00 and $37.50 for all hours of overtime worked in each work week within this time period, which is $12.50 per overtime hour.

24. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I. FLSA  OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-25 set forth fully herein and further alleges as follows:

26. Plaintiff claims the difference between his regular hourly rate and his time-and-a-half overtime rate for one hundred and two (102) hours of overtime worked within the relevant time period as required by the Fair Labor Standards Act.

27.  Plaintiff alleges he notified Defendants on various occasions about the discrepancy, but Defendants refused to pay him.

28. Defendants willfully and intentionally refused to pay Plaintiff's proper overtime wages from approximately April 19, 2019, through June 7, 2019, as required by the Fair Labor Standards Act.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and a half for overtime hours worked from approximately April 19, 2019, through June 7, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay Plaintiff time and a half for overtime hours worked from approximately April 19, 2019, through June 7, 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff time and a half pay earned from approximately April 19, 2019, through June 7, 2019.

30. Plaintiff is entitled to a back pay award of at least his proper time and a half rate for all overtime hours worked from approximately April 19, 2019, through June 7, 2019, plus an equal amount as a penalty, plus attorneys' fees and costs.

WHEREFORE, Plaintiff, Anthony Baruh, demands the entry of judgment in his favor and against the Defendants, David Vigilante Associates, Inc. and David Vigilante, after trial by jury and as follows:

    a.  That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216(b);

    b.  That Plaintiff recover prejudgment interest if he is not awarded liquidated damages;

    c.  That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;

d.  That Defendants be ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.  That Plaintiff recover all interest allowed by law; and

f.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 5th day of July, 2019.

Respectfully submitted,

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.     (786) 650-0202
Fax.     (786) 650-0200
Email: office@peregonza.com
Attorneys for Plaintiff

By: */s/ Gadiel A. Espinoza, Esq.*
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831
gadiel@PereGonza.com